UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALISHA LORETTA BRYSON,**

        **Plaintiff,**

**v.**                                        **Case No:   6:13-cv-463-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

# MEMORANDUM OF DECISION

Alisha Loretta Bryson (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1.  Claimant alleges an onset of disability date as of February 2, 2010, primarily due to human immunodeficiency virus ("HIV").  R. 97, 105, 129-30, 205.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to articulate explicit reasons, supported by substantial evidence for finding Claimant subjective statements not credible.   For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**      **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.    ANALYSIS.

Claimant argues that the ALJ's credibility determination consisted solely of a boiler plate paragraph indicating that he found Claimant's medically determinable impairments could cause the alleged symptoms, but that her subject statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment (the "RFC").  Doc. No. 24 at 12-13.  In light of this conclusory finding, Claimant argues that the ALJ's decision is not supported by substantial evidence.  Doc. No. 24 at 13.  In response, the Commissioner argues that the ALJ articulated specific reasons for discrediting Claimant's testimony, and that his reasons are supported by the record.  Doc. No. 27 at 13-16.  As a result, the Commissioner argues that the ALJ's decision is supported by substantial evidence.  Doc. No. 25 at 16.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms.  By this standard, there must be: 1) evidence of an underlying medical condition and

either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or 3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[1]  Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have

---

[1] Social Security Ruling 96-7p provides: "2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *1 (1996).

been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Id*.

In the decision, the ALJ notes that Claimant's alleged onset of disability date is February 2, 2010. R. 18. At step two of the sequential evaluation process, the ALJ found that Claimant's HIV is a severe impairment. R. 18. The ALJ determined that Claimant retains the RFC to perform the full range of sedentary work. R. 20. In making this finding, the ALJ provided the following summary of Claimant's subjective statements and testimony:

> The claimant alleges that she is unable to work because of illness resulting from her HIV and side effects from her medication and she often requires help when performing activities of daily living. The claimant reports that her symptoms include diarrhea, nausea, vomiting, headaches, severe fatigue, shortness of breath, continual feeling of illness or discomfort, fever, night sweats, rashes or other skin conditions, and involuntary weight loss. However, the claimant has admitted on several occasions that she has no difficulties caring for her own personal needs, prepares and cooks meals most days, does household chores, and takes care of her children. Finally, the claimant admits that she stopped working on August 15, 2007 because she was laid off.

R. 20-21 (internal citations omitted). Immediately following this summary, the ALJ proceeded to address Claimant's credibility, stating:

> After careful consideration of the evidence, the [ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

R. 21. Thereafter, the ALJ proceeded to discuss Claimant's HIV treatment, the consultative examination, and the opinion of a non-examining physician. R. 21-22. At the conclusion of

this discussion, the ALJ proceeds to find that Claimant can return to her past relevant work as an accounting clerk.   R. 22.

The above quoted credibility determination is boilerplate language commonly found in Social Security decisions.   *See Howell v. Astrue*, Case No. 8:10-CV-2175-T-26TGW, 2011 WL 4002557, at *3 (M.D. Fla. Aug. 16, 2011) (noting that boilerplate credibility determinations are common) *report and recommendation adopted*, 2011 WL 3878365 (M.D. Fla. Sept. 2, 2011).   In many cases, this boilerplate credibility determination is followed by specific facts that support a less restrictive RFC than that which would be found if claimant's testimony were found to be credible.   In this case, however, the ALJ failed to clearly articulate any reasons in support of his credibility determination.   *See* R. 20-22.   Without articulating reasons in support of his credibility determination the Court is unable to conduct a meaningful review of the ALJ's decision, and therefore finds that the ALJ's decision is not supported by substantial evidence.

The Commissioner attempts to overcome the ALJ's failure to articulate a basis for his credibility determination by arguing that the ALJ's discussion following the boilerplate credibility determination was intended as support therefor.   Doc. No. 25 at 13-16.   The Court finds this *post hoc* rationalization unavailing.   *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).[2]   There is nothing in the ALJ's decision that indicates that the discussion following the boilerplate credibility determination was intended as support therefor.   *See* R. 20-22.   Moreover, the ALJ's

---

[2] For example, the Commissioner states: "The ALJ observed, however, that Plaintiff's claims of disabling symptoms were inconsistent with what he other evidence showed, including her treatment records, the consultative examination, the state agency physician, and her activities of daily living."  Doc. No. 27 at 14 (citing R. 20-25).   The ALJ never articulated that explicit finding.  R. 20-25.   *See also Foote*, 67 F.3d at 1561-62 (ALJ must articulate explicit reasons for credibility finding).

preceding statements, quoted above (*see supra* p. 4), cannot reasonably be considered the ALJ's reasons for finding Claimant not credible. R. 20-21. For example, the ALJ's statement, "[f]inally, the claimant admits that she stopped working on August 15, 2007 because she was laid off," is not a rational basis for finding Claimant not credible because Claimant's alleged onset of disability date is February 2, 2010. R. 18, 21. In other words, the fact that Claimant stopped working in 2007 due to a lay off has no bearing on her claim that commencing in February of 2010 she became unable to work.[3] The ALJ's opinion simply lacks an explicitly articulated factual basis beyond the boiler plate statement supporting his credibility finding. R. 20-22. Accordingly, the Court finds that the case must be remanded for further proceedings. *See, e.g.*, *Howell*, 2011 WL 4002557, at *4-5 (explaining that the proper remedy is remanding case to Commissioner due to ALJ's failure to provide a meaningful explanation for his credibility determination).[4]

### III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

---

[3] Similarly, the Eleventh Circuit and district courts therein have stated that engaging in activities of daily living of short duration, including housework or fishing, standing alone are not sufficient basis to find a claimant's subjective statements not credible. *See Foote*, 67 F.3d at 1561 (citing to some of claimant's activities of daily living is not sufficient to support conclusion that pain does not affect RFC); *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (participation in everyday activities for short periods of time do not disqualify a claimant from disability); *Venette v. Apfel*, 14 F. Supp. 2d 1307, 1314 (S.D. Fla. 1998) ("Housework, light cooking, and light grocery shopping are minimal daily activities," and "are not dispositive evidence of one's ability to perform sedentary work."); *Bennett v. Barnhart*, 288 F. Supp. 2d 1246, 1252 (N.D. Ala. 2003) ("It is not necessary for a plaintiff's pain to render her bed ridden in order for her to disabled."). It should be noted that Claimant testified she does not do any shopping or housework (R. 36-37), but she does shower and is able to dress herself (R. 37). Thus, the fact the Claimant admitted to performing some minimal activities of daily living on occasion is not substantial evidence to find Claimant's allegations of disabling pain not credible. *Id*.

[4] Claimant also argues that the ALJ erred by failing to consider all the pertinent evidence in determining the Claimant's RFC. Doc. No. 24 at 3, 8-12. However, because the case must be remanded based on the ALJ's above stated error, it is unnecessary to address that those arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 16, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Apolo Garcia
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801